Burstin Estate.

Argued October 2, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, ROBERTS and POMEROY, JJ.

164

*Benjamin Jacobson,* for appellant.

*Marvin S. Lieber,* with him *Robert Engel, Ben Paul Brasley, Donald L. McCaskey, Alan Bruce Bowden,* and *Berkman, Ruslander, Pohl, Lieber & Engel,* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, November 11, 1969:

Albert Burstin died testate on December 7, 1966, having executed his will on February 6, 1960. In the third paragraph of his will, he provided: "Third: I give, devise and bequeath, *my interest** in the building located at 135-137 West Grant Avenue, Duquesne, Pennsylvania, *said interest being a one-half interest,* unto Louis Keough."

Keough was a business associate, and not a blood relative. He was made a co-executor and was appointed to supervise the collection of rents and the maintenance of testator's real estate. Moreover, in the second paragraph of testator's will, he gave a one-half interest to Keough in his real estate and insurance business. The second paragraph provides: "Second: I give, devise and bequeath, my real estate and insurance business, known as, BURSTIN REALTY, situate 137 West Grant Avenue, Duquesne, Pennsylvania, together with all office equipment, unto the following persons,

---

* Italics throughout, ours.

*each to have a one-half interest*: Louis Keough, 705 Braddock Avenue, Braddock, Pennsylvania; John Selznick, 228 Miller Avenue, Duquesne, Pennsylvania."**

The thirteenth paragraph of testator's will provided: "Thirteenth: A charitable trust is to be created and known as, 'The Albert Burstin Charities'. The funds of said trust are to consist of the income from all my other properties (excluding, of course, property at 135-137 West Grant Avenue, Duquesne, which I have bequeath [sic] to Louis Keough, and also excluding the other properties specifically bequeathed) . . . ." He then directed that the income therefrom— and later the principal—should be paid to the American Red Cross, the Pennsylvania Association for the Blind, and United Jewish Appeal.

When he executed his will on February 6, 1960, Burstin owned a one-half interest in the property at 135-137 West Grant Avenue. However, on September 6, 1961, testator acquired from his brother title to the other one-half interest in the said real estate. At his death, Burstin owned this property in fee simple but never changed his will during the five years in which he owned the entire property.

At the audit of the executor's account, Keough claimed the entire West Grant Avenue property. From the decree which awarded him *only the one-half interest* in said property which Burstin owned at the time of executing his will and clearly and specifically devised to him, Keough took this appeal.

----

** In the eighth paragraph of his will, testator specifically devised a building situate at No. 815 South Duquesne Avenue, to his cousin, Harry J. Tepper, and directed the inheritance tax on this devise to be paid from his estate. In the ninth paragraph, he devised the one-story brick building known as 333-335-337 South Seventh Street to his friend, LaVerne Boyer, and provided that the property should be clear of all encumbrances and that the inheritance tax should be paid by his estate.

Section 14 of the Wills Act of 1947, upon which appellant relies, sets forth the following rules of interpretation:

*"In the absence of a contrary intent appearing therein,* wills shall be construed as to real and personal estate in accordance with the following rules:

"(1) Wills construed as if executed immediately before death. Every will shall be construed, with reference to the testator's real and personal estate, to speak and take effect as if it had been executed immediately before the death of the testator.

"(2) After-acquired property. The real and personal estate acquired by a testator after making his will shall pass by a *general* devise or bequest." Act of April 24, 1947, P. L. 89, §14(1) and (2).

The aforesaid statutory provisions with respect to "after-acquired property" can have no application in this will because a contrary intent appears in the will, namely, a clear and *specific description of the interest which testator devised to appellant—"my interest in the building . . . said interest being a one-half interest . . . ."* This was further confirmed by the exclusion in the thirteenth paragraph of his will, in which he created a charitable trust the funds of which were to consist of "the income from all my other properties (excluding, of course, property at 135-137 West Grant Avenue, Duquesne, which I have bequeath [sic] to Louis Keough, and also excluding the other properties specifically bequeathed) . . . ." It is clear from the hereinbefore mentioned provisions of his will, and particularly from the third and thirteenth paragraphs of his will, that he gave and intended to give to his friend, Louis Keough, only his one-half interest in the West Grant Avenue property.

Decree affirmed; appellant to pay costs.

Mr. Justice JONES concurs in the result.

Mr. Justice O'BRIEN took no part in the consideration or decision of this case.